Gruenenfelder Lumber Company, Appellee, v. Bessie Golden et al., Appellants.

Heard in this court at the October term, 1930. Opinion filed January 19, 1931.

MEYER & MEYER and BROWN & BURNSIDE, for appellants; J. G. BURNSIDE and STANFORD S. MEYER, of counsel.

C. E. DAVIDSON, for appellee.

MR. JUSTICE FULTON delivered the opinion of the court.

This appeal is brought by the defendants, Bessie Golden and Albert Golden, husband and wife, from a decree finding a mechanic's lien against certain real estate owned by the wife, and granting foreclosure of the same as prayed by the bill. The cause was heard on exceptions to the master's report which were overruled, the report confirmed and the decree entered in accordance with the master's report.

On August 4, 1928, the appellee entered into a contract with Bessie Golden to furnish all the material for, and to construct a dwelling house on a lot owned by her

at Pocahontas, Illinois. The contract was in writing and consisted of an agreement to construct said house according to certain plans and specifications furnished by appellants. The total contract price was to be the sum of $5,675. Four thousand dollars ($4,000) was paid in cash, leaving a balance of $1,675 on the original contract, and appellee claims it constructed certain extras totaling $619.10, and that the total unpaid balance due to it is the sum of $2,734.10.

The appellants claim that certain of the extras were never authorized by them, but the principal contention is that the house was never constructed and completed according to the plans and specifications, nor to the satisfaction of the said Bessie Golden. In particular, the appellants claim that the roof leaked in certain places, that the windows leaked, that the plastering cracked, that the contractor used wood lath when the contract called for sheetrock or plaster board, that a large crack was left between the walk and the porch steps in the concrete construction, and that in other respects the contractor failed to comply with the plans and specifications. In support of their contention the appellants rely upon the testimony of the husband, a contractor, Clayton Riley and a plasterer, Roy Hair.

By agreement of parties the master was permitted to inspect the premises after the taking of the testimony. He made his report to the court, finding that a certain leak in the roof occurred in December, about a year after appellants took possession, caused by a snow and sleet storm; also a slight settlement of the heavy brick flue and certain cracks in the plastering which he found to be mostly hair cracks and allowed the appellants $50 on the total bill to cover damages caused by such defects. He further found that appellee was entitled to a lien for the balance due of $2,324.10.

When exceptions to the master's report were heard, the court allowed the sum of $84.75 to be deducted

from the bill of extras, awarded a lien to appellee for $2,289.35, and granted foreclosure in the decree entered.

The master in this case not only heard and saw the witnesses, but also had the opportunity of viewing the premises after hearing the proof, and a chancellor, as well as a court of review, should be slow in disturbing the conclusions of a master upon the facts, unless it can be said the master's conclusions were clearly contrary to the probative force of the evidence. *Meyer v. Levy,* 249 Ill. App. 408; *Gottschalk Const. Co. v. Carlson,* 253 Ill. App. 520.

Upon a full examination of the testimony, this court is unable to say that the findings of the master and the decree of the court, founded thereon, are not supported by the greater weight of the evidence, or are contrary to its probative force.

The decree of the circuit court will therefore be affirmed.

*Affirmed.*